```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                              Case No. 16-05243-RNO
Emmanuel Peterson                                                   Chapter 13
Heather Peterson
        Debtors                  CERTIFICATE OF NOTICE

District/off: 0314-1           User: TWilson              Page 1 of 2          Date Rcvd: Mar 07, 2017
                               Form ID: pdf002            Total Noticed: 36


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 09, 2017.
db/jdb         +Emmanuel Peterson,   Heather Peterson,   23 Harvest Mill Lane,   Palmyra, PA 17078-8767
cr             +ESSA Bank & Trust,   1065 Highway 315,   Cross Creek Pointe,   Wilkes-Barre, PA 18702-6941
cr             +U.S. Bank, National Association, Trustee for Penns,   211 North Front Street,
                 Harrisburg, PA 17101-1406
4869985        +AmeriCredit/GM Financial,   PO Box 183583,   Arlington, TX 76096-3583
4871337        +Americredit Financial Services, Inc. dba GM Financ,   P O Box 183853,
                 Arlington, TX 76096-3853
4869989       ++CHAPMAN FINANCIAL SERVICES,   PO BOX 7100,   COEUR D ALENE ID 83816-1940
               (address filed with court: Chapmanfinsr,   PO Box 14693,   Spokane, WA 99214)
4869986        +Capital One,   PO Box 30285,   Salt Lake City, UT 84130-0285
4869987        +Capital One Bank USA, N.A.,   c/o Midland Funding,   2365 Northside Drive, Suite 300,
                 San Diego, CA 92108-2709
4869988        +Cbs Col Padu,   PO Box 9200,   100 Fulton Ct,   Paducah, KY 42001-9004
4869990        +Comenity Capital/Game Stop,   PO Box 182125,   Columbus, OH 43218-2125
4873450        +ESSA Bank & Trust,   126 South Main Street,   Pittston, PA 18640-1739
4869994       ++FAMSA INC,   P O BOX 36929,   HOUSTON TX 77236-6929
               (address filed with court: Famsa Inc,   2727 Lbj Fwy Ste 500,   Dallas, TX 75234)
4869996        +First National Bank,   Attn: FNN Legal Dept,   1620 Dodge St Mailstop Code 3290,
                 Omaha, NE 68102-1593
4869997        +First Premier Bank,   601 S Minnesota Ave,   Sioux Falls, SD 57104-4868
4869999        +HSBC Guitar Center,   c/o Fisher & Burns Financi,   3419 E. Chapman Ave 500,
                 Orange, CA 92869-3812
4874513        +Harley-Davidson Credit Corp.,   PO Box 9013,   Addison, Texas 75001-9013
4873449        +John Fisher,   126 South Main Street,   Pittston, PA 18640-1741
4870002        +Omni Financial Of Texa,   Po Box 31117,   El Paso, TX 79931-0117
4869983         PA Department of Revenue,   Bureau of Individual Taxes,   Dept 280431,
                 Harrisburg, PA 17128-0431
4870004        +Penn State Hershey,   c/o National Recovery Agency,   2491 Paxton Street,
                 Harrisburg, PA 17111-1036
4870005        +Pioneer/Mid Country Bank,   PO Box 10487,   Kansas City, MO 64171-0487
4870006        +Procollect, Inc,   12170 N Abrams Roa,   Dallas, TX 75243-4579
4870008        +US Bank National Association,   c/o Leon Haller, Esquire,   1719 North Front Street,
                 Harrisburg, PA 17102-2305
4870009        +Wells Fargo Bank,   MAC F8235-02F,   PO Box 10438,   Des Moines, IA 50306-0438

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4869984        +E-mail/Text: bankruptcy@rentacenter.com Mar 07 2017 19:20:04     Acceptance Now,
                 5501 Headquarters Drive,   Plano, TX 75024-5837
4869991        +E-mail/Text: creditonebknotifications@resurgent.com Mar 07 2017 19:18:52     Credit One Bank Na,
                 PO Box 98873,   Las Vegas, NV 89193-8873
4869992        +E-mail/Text: collectfax@essabank.com Mar 07 2017 19:19:50     Essa Bank And Trust,   PO Box L,
                 Stroudsburg, PA 18360-0160
4869995        +E-mail/Text: bnc-bluestem@quantum3group.com Mar 07 2017 19:19:54     Fingerhut,
                 6250 Ridgewood Road,   St Cloud, MN 56303-0820
4869998        +E-mail/Text: bankruptcy.notices@hdfsi.com Mar 07 2017 19:19:56     Harley Davidson Financial,
                 Attention: Bankruptcy,   Po Box 22048,   Carson City, NV 89721-2048
4869982         E-mail/Text: cio.bncmail@irs.gov Mar 07 2017 19:19:01     Internal Revenue Service,   POB 7346,
                 Philadelphia, PA 19101-7346
4885006         E-mail/Text: bkr@cardworks.com Mar 07 2017 19:18:48     MERRICK BANK,
                 Resurgent Capital Services,   PO Box 10368,   Greenville, SC 29603-0368
4870000        +E-mail/Text: bkr@cardworks.com Mar 07 2017 19:18:48     Merrick Bank/Geico Card,   PO Box 23356,
                 Pittsburgh, PA 15222-6356
4889698         E-mail/PDF: cbp@onemainfinancial.com Mar 07 2017 19:23:47     ONEMAIN,   PO BOX 3251,
                 EVANSVILLE, IN. 47731-3251
4870003        +E-mail/PDF: cbp@onemainfinancial.com Mar 07 2017 19:24:09     One Main Financial,
                 4712 Penn Highway,   Sinking Spring, PA 19608-9672
4879928         E-mail/Text: bnc-quantum@quantum3group.com Mar 07 2017 19:19:15
                 Quantum3 Group LLC as agent for,   JH Portfolio Debt Equities LLC,   PO Box 788,
                 Kirkland, WA  98083-0788
4870007        ++E-mail/PDF: gecsedi@recoverycorp.com Mar 07 2017 19:23:44     Synchrony Bank/Walmart,
                 PO Box 965064,   Orlando, FL 32896-5064
                                                                                               TOTAL: 12

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4870001          no name on CR Liability
cr*            +AmeriCredit Financial Services, Inc. dba GM Financ,   P O Box 183853,
                 Arlington, TX 76096-3853
4872831*       +AmeriCredit Financial Services, Inc. dba GM Financ,   P O Box 183853,
                 Arlington, TX 76096-3853
4869993*      ++FAMSA INC,   P O BOX 36929,   HOUSTON TX 77236-6929
               (address filed with court: Famsa Inc,   PO Box 36929,   Houston, TX 77236)
                                                                                   TOTALS: 1, * 3, ## 0
```

```
District/off: 0314-1          User: TWilson            Page 2 of 2              Date Rcvd: Mar 07, 2017
                              Form ID: pdf002          Total Noticed: 36
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 09, 2017                                       Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 7, 2017 at the address(es) listed below:

```
              Charles J DeHart, III (Trustee)   dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              Gary J Imblum    on behalf of Joint Debtor Heather   Peterson gary.imblum@imblumlaw.com,
               gary.imblum@ecf.inforuptcy.com;carol.shay@ecf.inforuptcy.com;sharlene.miller@ecf.inforuptcy.com;b
               ernadette.davis@ecf.inforuptcy.com;gary.j.imblum@ecf.inforuptcy.com
              Gary J Imblum    on behalf of Debtor Emmanuel   Peterson gary.imblum@imblumlaw.com,
               gary.imblum@ecf.inforuptcy.com;carol.shay@ecf.inforuptcy.com;sharlene.miller@ecf.inforuptcy.com;b
               ernadette.davis@ecf.inforuptcy.com;gary.j.imblum@ecf.inforuptcy.com
              James   Warmbrodt    on behalf of Creditor    Harley-Davidson Credit Corp bkgroup@kmllawgroup.com
              John   Fisher    on behalf of Creditor    ESSA Bank & Trust johnvfisher@yahoo.com,
               fisherlawoffice@yahoo.com
              Leon P Haller    on behalf of Creditor    U.S. Bank, National Association, Trustee for Pennsylvania
               Housing Finance Agency lhaller@pkh.com,  dmaurer@pkh.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                               TOTAL: 7
```

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
Emmanuel Peterson
Heather Peterson

: CHAPTER 13
: CASE NO. _____
:
: CHAPTER 13 PLAN
:    (Indicate if applicable)
: ☐ # MOTIONS TO AVOID LIENS
: ☐ # MOTIONS TO VALUE COLLATERAL
:
: ☑ ORIGINAL PLAN
:    AMENDED PLAN
:        (Indicate 1ST, 2ND, 3RD, etc.)

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

### PLAN PROVISIONS

**DISCHARGE:** (Check One)

☑     The debtor will seek a discharge of debts pursuant to Section 1328(a).

☐     The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** (Check if applicable)

☑     This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. <u>Plan Payments</u>

    1. To date, the Debtor(s) has paid $ <u>0.00</u> (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is **$88,000.00**, plus other payments and property stated in Section 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
|---|---|---|---|---|
| 01/17 | 07/21 | $1,600.00 | 0.00 | $88,000.00 |
| 08/21 | 12/21 | $0.00 | $0.00 | $0.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | Total Payments: | $88,000.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

4. CHECK ONE: ☐ Debtor(s) is at or under median income
☑ Debtor(s) is over median income. Debtor(s) calculates that a minimum of $210,318.60 must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

B. Liquidation of Assets

1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $___ from the sale of property known and designated as ___. All sales shall be completed by ___. If the property does not sell by the date specified, then the disposition of the property shall be as follows: None

2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

3. The Debtor estimates that the liquidation value of this estate is $0.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

2. **SECURED CLAIMS**

A. Pre-Confirmation Distributions. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
| Essa Bank and Trust | PO Box L, Stroudsburg, PA 18360 | 4774 | $277.00 |
| One Main Financial | 4712 Penn Highway, Sinking Spring, PA 19608 | 8305 | $84.00 |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

B. Mortgages and Other Direct Payments by Debtor. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms, unless otherwise agreed to by the contracting parties, and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| -NONE- | | | |

2

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 1:16-bk-05243-RNO    Doc 7    Filed 12/30/16    Entered 12/30/16 16:32:40    Desc
Main Document    Page 2 of 6
Case 1:16-bk-05243-RNO    Doc 28    Filed 03/09/17    Entered 03/10/17 00:54:35    Desc
Imaged Certificate of Notice    Page 4 of 8

C.    <u>Arrears</u>. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| -NONE- | | | | |

D.    <u>Secured Claims Paid According to Modified Terms</u>. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| Essa Bank And Trust | 2012 Jeep Wrangler | $24,700.00 (estimated. Balance to be paid per POC plus 4.5% interest) | 4.5% | $27,628.96 (estimated. Balance to be paid per POC plus 4.5% interest) | Plan |
| One Main Financial | 2008 Ford Explorer | $7,477.00 (estimated. Balance to be paid per POC plus 4.5% interest) | 4.5% | $8,363.66 (estimated. BAlance to be paid per POC plus 4.5% interest) | Plan |

* "PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.

E.    <u>Other Secured Claims</u>. (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| -NONE- | | | | |

F.    <u>Surrender of Collateral</u>. Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Harley Davidson Financial | 2012 Harley Davidson Street Glide |
| AmeriCredit/GM Financial | 2007 Dodge Ram 1500 (Creditor is already in possession of vehicle) |

G.    <u>Lien Avoidance</u>. The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of Collateral |
|---|---|

3

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

Case 1:16-bk-05243-RNO   Doc 7   Filed 12/30/16   Entered 12/30/16 16:32:40   Desc
Main Document     Page 3 of 6
Case 1:16-bk-05243-RNO   Doc 28   Filed 03/09/17   Entered 03/10/17 00:54:35   Desc
Imaged Certificate of Notice     Page 5 of 8

| Name of Creditor | Description of Collateral |
|---|---|
| -NONE- | |

THE DEBTOR(S) PROPOSES TO AVOID THE JUDICIAL LIEN OF THE CREDITOR(S) IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION AND ALLOWANCE OF EXEMPTIONS PURSUANT TO § 522(f). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE JUDICIAL LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR(S) WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR(S) MUST FILE A TIMELY OBJECTION TO THIS PLAN. OTHERWISE, CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.

H. <u>Optional provisions regarding duties of certain mortgage holders and servicers.</u>
Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. (Check if applicable)

☐ Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and or/deeds of trust on the principal residence of the Debtor to do the following:

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.

(2) Deem the pre-petition arrearage as contractually current upon confirmation of the plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3. **PRIORITY CLAIMS**

A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
| -NONE- | |

B. <u>Administrative Claims</u>:

(1) Trustee fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

(2) Attorney fees. Check one box:

☐ In addition to the retainer of $___ already paid by the debtor, the amount of $___ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c).

☑ $ <u>see 8a below</u> per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court.

(3) Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
| -NONE- | |

4

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 1:16-bk-05243-RNO    Doc 7    Filed 12/30/16    Entered 12/30/16 16:32:40    Desc
Main Document    Page 4 of 6
Case 1:16-bk-05243-RNO    Doc 28    Filed 03/09/17    Entered 03/10/17 00:54:35    Desc
Imaged Certificate of Notice    Page 6 of 8

4. **UNSECURED CLAIMS**

   A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| -NONE- | | | | |

   B. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/Reject |
|---|---|---|---|---|---|---|
| Ted Graeff | One year residential lease | $1,390.00 | | $0.00 | $0.00 | Assume |

6. **REVESTING OF PROPERTY: (Check One)**
   ☐ Property of the estate will vest in the Debtor upon confirmation. (Not to be used with Section 2H)
   ☑ Property of the estate will vest in the Debtor upon closing of the case.

7. **STUDENT LOAN PROVISIONS**

   (NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
| -NONE- | | | | |

8. **OTHER PLAN PROVISIONS**

   A. Include the additional provisions below or on an attachment. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

1A. If one of the debtors is not employed at the time of the filing of the plan, but has the ability to work, Debtor(s) will notify counsel when he (or she) returns to work, and any necessary adjustments to the plan will be made at that time.

2B. Stated amounts are estimates. Actual amounts are to be determined in accordance with the loan documents.

2(C) Amounts stated are estimated. Payment of the pre-petition arrearage as stated in a timely filed Proof of Claim will be made. If an objection is filed to a Proof of Claim, payment of the amount determined by the Court or as stipulated to by the parties. Debtor waives the right to object to these claims after the Plan is confirmed.

2(E) Amounts stated are estimated. If an objection is filed to a Proof of Claim, payment of the amount determined by the Court or as stipulated to by the parties.

2F. The collateral being surrendered is being surrendered in full satisfaction of debt.

3A. IRS and PA Department of Revenue - The priority and/or secured portion of a timely filed allowed Proof of Claim relating to tax claims referenced on page 5 shall be paid in full through the Plan. If an objection is filed to any such claim, the amount of the unsecured priority and secured claim determined by the Court or through agreement of the parties shall be paid in full through the Plan.

Debtor may in the future provide for payment of post petition federal, state and/or local tax claims to the detriment of non priority unsecured claims.

3B(2) Attorney fees. Debtor's counsel will bill attorney's time at $295.00 per hour associates time at $235.00 per hour and

5

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Case 1:16-bk-05243-RNO    Doc 7    Filed 12/30/16    Entered 12/30/16 16:32:40    Desc
Main Document    Page 5 of 6
Case 1:16-bk-05243-RNO    Doc 28    Filed 03/09/17    Entered 03/10/17 00:54:35    Desc
Imaged Certificate of Notice    Page 7 of 8

paralegal time at $135.00 per hour. Said hourly fees are subject to change upon reasonable notice to Debtor(s). Debtor's counsel will submit a Fee Application to the Court for approval of fees. Only those fees and costs approved by the Court shall be paid by the Trustee to counsel.

In addition to fees, Debtor(s) will be responsible for expenses, including photo copying, travel (where applicable), postage, court costs, filing fees, and similar expenses which are incurred by counsel in the course of performing services to the Debtor(s).

### 9. ORDER OF DISTRIBUTION:

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:   Adequate protection payments.
Level 2:   Debtor's attorney's fees.
Level 3:   Domestic Support Obligations.
Level 4:   Priority claims, pro rata.
Level 5:   Secured claims, pro rata.
Level 6:   Specially classified unsecured claims.
Level 7:   General unsecured claims.
Level 8:   Untimely filed unsecured claims to which the Debtor has not objected.

### GENERAL PRINCIPLES APPLICABLE TO ALL PLANS

All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the Trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated: _____

_____
Gary J. Imblum 42606
Attorney for Debtor

_____
Emmanuel Peterson
Debtor

_____
Heather Peterson
Joint Debtor

6

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                      Best Case Bankruptcy

Case 1:16-bk-05243-RNO    Doc 7    Filed 12/30/16    Entered 12/30/16 16:32:40    Desc
                         Main Document    Page 6 of 6
Case 1:16-bk-05243-RNO    Doc 28    Filed 03/09/17    Entered 03/10/17 00:54:35    Desc
                  Imaged Certificate of Notice    Page 8 of 8